O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COBRA SYSTEMS, INC.,<br><br>　　　　　Plaintiff/Counter-Defendant,<br>　　v.<br>ACCUFORM MANUFACTURING, INC., and DOES 1-10, inclusive,<br><br>　　　　　Defendants/Counterclaimants. | Case No. 2:13-cv-5932-ODW (JEMx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS [38]** |

## I.　INTRODUCTION

This case arises out of a business relationship that went sour between Plaintiff Cobra Systems, Inc. ("Cobra") and Defendant Accuform Manufacturing, Inc. ("Accuform"). Cobra sells industrial label printers under the trademark VnM®. After the business relationship fell apart, Accuform went into direct competition with Cobra, selling an almost identical printer under the name Spitfire. Cobra's Complaint asserts several claims including copyright infringement for the software used in the Spitfire printers. (ECF No. 1.) Before the Court is Cobra's Motion to Strike Affirmative Defenses and Dismiss Counterclaims. (ECF No. 38.) In the Motion, Cobra asks the Court to strike Accuform's second and fifth affirmative defenses and dismiss Accuform's two counterclaims. For the reasons discussed below, the Court

/ / /

**GRANTS IN PART** and **DENIES IN PART** Cobra's Motion to Strike Affirmative Defenses and Dismiss Counterclaims.[1] (ECF No. 38.)

## II. FACTUAL BACKGROUND

On August 14, 2013, Cobra filed the Complaint against Accuform asserting seven claims including copyright infringement, trademark infringement, unfair competition, and breach of an oral agreement. (ECF No. 1.) Cobra alleges that it entered into an oral business agreement with Accuform under which Accuform sold Cobra's VnM® industrial label printers through its website and catalog. (*Id.*) The business relationship fell apart and Accuform went into direct competition with Cobra, selling its own line of industrial label printers under the name Spitfire. (*Id.*) According to Cobra, the Spitfire printers are identical to the VnM® printers down to the software, which was developed by a former Cobra employee. (*Id.*) The Complaint alleges that Cobra owns two copyrights related to the VnM® software[2] and that Accuform's Spitfire software infringes on those copyrights. (*Id.*)

On January 9, 2014, the Court issued a preliminary injunction on a limited issue in this case. (ECF No. 50.) The injunction relates to Cobra's trademark and unfair competition claims and enjoins Accuform from relabeling and modifying exiting VnM® printers. In addition, a previous motion to strike and dismiss counterclaims was denied as moot on November 13, 2013, after Accuform filed its Amended Answer and Counterclaims. (ECF Nos. 18, 28.) The instant Motion was filed on November 29, 2013. (ECF No. 38.)

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court has the discretion to strike a pleading or portions of the pleading. *Fed. Sav. & Loan v. Gemini Mgmt.*, 921 F.2d 241, 243 (9th Cir. 1990). The Court "may strike from a pleading an insufficient

---

[1] Having carefully reviewed the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] According to Cobra, the VnM® software copyrights were registered on August 1, 2013, under registration numbers TX 7-714-542 and TX 7-714-523. (ECF No. 1.; Mot. 1:15–17.)

defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense may be insufficient as a matter of pleading or as a matter of law. An affirmative defense may be insufficiently pleaded where it fails to provide the plaintiff with fair notice of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

A claim may be dismissed under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). To survive a dismissal motion, a pleading need only satisfy the minimal notice requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). But the factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Fraud pleadings are subject to an elevated standard, requiring a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Particularity" means that fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

## IV. DISCUSSION

Cobra moves to strike Accuform's second and fifth affirmative defenses and to dismiss Accuform's two counterclaims in this action. In its Opposition, Accuform has

agreed to withdraw the fifth affirmative defense for fraud and the second counterclaim for fraud.[3] (Opp'n 5:16–24, 7:27–8:6.) Accuform indicates that it may seek leave to amend at a later time should facts come out during discovery to support fraud allegations. Accordingly, the Court **STRIKES** the fifth affirmative defense and **DISMISSES** the second counterclaim **WITHOUT PREJUDICE**. The Court addresses the remaining affirmative defense and counterclaim below.

### A. Second Affirmative Defense

Accuform's second affirmative defense alleges that Cobra is "not the author of its purported copyrights" and therefore lacks standing to allege copyright infringement. (ECF No. 18, ¶ 73.) Cobra argues that this affirmative defense should be stricken because it is wrong "factually and legally." (Mot. 4:25–26.) Specifically, Cobra contends that the affirmative defense includes fraud allegations that must meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b). In addition, Cobra argues that it is the legal owner of the copyrights associated with the VnM® software and that a copyright registration certificate cannot be invalidated on the basis of inadvertent mistake absent intent to defraud. (Mot. 4:22–5:17.)

The Court finds that Cobra's arguments are premised on a misunderstanding of the allegations contained in the second affirmative defense. First, there are no explicit allegations of fraud in the single paragraph associated with the second affirmative defense. (*See* ECF No. 18, ¶ 73.) The plain language of the second affirmative defense makes clear that Accuform is alleging that the VnM® software is not a work for hire. (*Id.*) Instead, Accuform alleges that "the purported copyrights were created by George Unger, who was not employed by Cobra to perform work developing software code, and whose work creating the software code was not substantially

---

[3] The Court notes its concern that the parties are not complying with the letter and spirit of Local Rule 7-3. "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. Based on the plain language of the rule, the Court fails to comprehend why the fifth affirmative defense and second counterclaim remained part of this Motion.

within authorized work hours and space limits." (*Id.*) If the VnM® software is not a work for hire, then Cobra cannot be the author of the copyright. 17 U.S.C. § 201. While a copyright registration certificate is prima facie evidence of a valid copyright, a defendant can rebut the prima facie showing with evidence of the copyright's invalidity. 17 U.S.C. § 410(c); *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211 (9th Cir. 1997). That is exactly what Accuform is attempting to do in its second affirmative defense. The Court finds no intent-to-defraud requirement here, so the heightened pleading standard under Rule 9(b) is inapplicable. *See Lamps Plus v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145–46 (9th Cir. 2003) (holding that intent to defraud is only required when defendant wants to invalidate a copyright based on misstatements on the registration certificate).

Furthermore, the notice pleading requirements of Rule 8 are more than satisfied by the allegations. Accuform identifies the individual who is allegedly the true author of VnM® software and the reason why Cobra's copyrights are allegedly invalid. (*See* ECF No. 18, ¶ 73.) All of Cobra's remaining arguments regarding the second affirmative defense require a factual inquiry that is entirely inappropriate at this stage of the litigation. Accordingly, the Court **DENIES** the motion to strike with respect to the second affirmative defense.

### B. First Counterclaim

Accuform's first counterclaim is for declaratory relief regarding the invalidity of Cobra's copyrights. (ECF No. 18, ¶¶ 111–15.) Cobra's only argument for dismissal is that the counterclaim fails to meet the heightened fraud pleading standard under Rule 9(b). (Mot. 7:24–8:8.) Cobra points to language in the counterclaim to support the application of Rule 9(b)—specifically the paragraph that reads "Accuform alleges that Cobra falsely and/or fraudulently represented to the Copyright Office that it was the 'author' of the VnM® computer programs." (ECF No. 18, ¶ 113.)

Cobra is correct in asserting that Rule 9(b) applies to the first counterclaim as it reads now. *Vess*, 317 F.3d at 1107 (averments to fraud must meet heightened

1 pleading standard). However, Accuform states that the phrase "and/or fraudulently"
2 can be stricken from the counterclaim. If stricken, the remainder of the counterclaim
3 contains no fraud allegations. The copyrights at issue in this case can be found invalid
4 without a finding of fraud, and Accuform is entitled to declaratory relief regarding the
5 invalidity of the copyrights. *See Hal Roach Studios, Inc. v. Richard Feiner and Co.*,
6 896 F.2d 1542, 1553 (9th Cir. 1989) (finding that plaintiff must establish ownership of
7 a valid copyright to meet the case-or-controversy requirement and copyright invalidity
8 is a proper defense). While Cobra insists in its Reply that the entire counterclaim
9 should be dismissed because Accuform failed to adequately plead under Rule 9(b), the
10 Court believes this result is too harsh. Therefore, the Court **DENIES** the motion to
11 dismiss with respect to the first counterclaim. Instead, the Court **STRIKES** the
12 language **"and/or fraudulently" in paragraph 113** of the Amended Answer and
13 Counterclaims. (ECF No. 18.)

## V. CONCLUSION

For the reasons discussed above, Cobra's Motion is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 38.) The Court hereby **STRIKES** the fifth affirmative defense for fraud and **DISMISSES** the second counterclaim for fraud in the Amended Answer and Counterclaims. The Court also **STRIKES** "and/or fraudulently" from paragraph 113 of the Amended Answer and Counterclaims. The remainder of the Motion is **DENIED**.

**IT IS SO ORDERED.**

January 14, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**